UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER SCHOENDORFF, as
Personal Representative of JOHN
SCHOENDORFF, deceased,   CIVIL ACTION NO. 10-11502

      Plaintiff,   DISTRICT JUDGE JOHN FEIKENS

      v.   MAGISTRATE JUDGE MARK A. RANDON

FEDERAL EXPRESS CORPORATION,

      Defendant.
_____/

**REPORT & RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(DKT. 6) AND PLAINTIFF'S MOTION TO AMEND (DKT. 12 )**

      This is a wrongful death action, removed to this Court based on diversity jurisdiction. On April 21, 2010, the Court referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b) (Dkt. 5). There are two motions before the Court: (1) Defendant Federal Express Corporation's ("Defendant" or "FedEx") motion for summary judgment[1] (Dkt. 6) and (2) Plaintiff Walter Schoendorff's ("Plaintiff") motion to amend (Dkt. 12).

      The Court held oral argument on these motions on June 6, 2010. For the reasons set forth below, it is **RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**, that Plaintiff's motion to amend be **DENIED** and that Plaintiff's case be dismissed.

---

[1] Although captioned and docketed as a motion for "summary judgment," this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), and is actually a motion to dismiss.

-1-

# I. FACTUAL ALLEGATIONS

Unless otherwise indicated, the relevant facts are taken from Plaintiff's proposed amended complaint (Dkt. 12, pp. 3-7). Plaintiff Walter Schoendorff is the personal representative of decedent John Schoendorff ("Mr. Schoendorff"). Mr. Schoendorff worked for Defendant Federal Express as a courier. *See* Proposed Amended Complaint (Dkt. 12, ¶ 5). Tim Howley ("Mr. Howley") supervised Mr. Schoendorff. *Id.* ¶ 6. Plaintiff alleges that Mr. Howley was verbally abusive to Mr. Schoendorff and suspended Mr. Schoendorff from work in 2007. *Id* ¶¶ 7-10. In October 2007, Mr. Schoendorff began seeing Dr. Kang Kwon ("Dr. Kwon") for symptoms of depression. *Id.* ¶ 12. Dr. Kwon diagnosed Mr. Schoendorff with severe depression and attributed said depression to Mr. Howley's mistreatment of Mr. Schoendorff. *Id*. ¶ 13. Dr. Kwon treated Mr. Schoendorff with medication and approved numerous Family Medical Leave Act ("FMLA") leaves of absence. *Id.* ¶ 14. On May 21, 2008, Mr. Schoendorff was placed on another FMLA leave by Dr. Kwan – according to Plaintiff, Mr. Schoendorff's depression grew in intensity to such a degree that he remained in his bedroom from May 21, 2008 until his death on August 19, 2008, when Mr. Schoendorff suffered an accidental overdose of prescription medication. *Id.* ¶ 17; Complaint (Dkt. 1, ¶ 19).

# II. PROCEDURAL HISTORY

Plaintiff filed an initial complaint in Genesee County Circuit Court – which Defendant removed to this Court on diversity grounds – that alleged a single count of wrongful death. The factual allegations in Plaintiff's initial complaint were grounded in negligence. In response to Plaintiff's initial complaint, Defendant filed a motion to dismiss (Dkt. 6), arguing that Plaintiff's wrongful death/negligence claim was not viable, because Michigan's Worker's Disability

Compensation Act, M.C.L. § 418.131 ("WDCA") is the exclusive remedy for work-related injuries in the absence of an intentional tort by the employer, which Plaintiff did not allege.

The thrust of Plaintiff's response to Defendant's motion to dismiss is to now argue that Defendant intentionally inflicted emotional distress upon Plaintiff, which is a recognized exception the WDCA's exclusive remedy provision. To this end, Plaintiff filed a motion for leave to amend his complaint (Dkt. 12). Plaintiff's proposed amended complaint still only contains a single count for wrongful death, but it also includes some factual allegations roughly framing an intentional infliction of emotional distress claim against Defendant. In other words, Plaintiff's response to Defendant's motion to dismiss – read in conjunction with Plaintiff's motion to amend – essentially concedes that Plaintiff's initial complaint is barred by the WDCA's exclusive remedy provision. Therefore, the question before the Court is whether Plaintiff's proposed amended complaint presents a viable intentional tort claim, sufficient to avoid the WDCA's exclusive remedy provision.

### III. DISCUSSION

#### A. *Motion to Dismiss Standard*

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *See Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __,129

S.Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 566 U.S. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996):

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Fed R. Civ. P. 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

B. *Motion To Amend Standard*

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading by leave of the Court and the Court "should freely give leave when justice so requires." However, the grant of leave to

amend is not a foregone conclusion. Appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Amendment is futile when the amendment is subject to dismissal under Fed. R. Civ. P. 12(b)(6), that is, when it fails to state a claim on which relief may be granted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000).

### C. *The WDCA Bars Plaintiff's Proposed Amended Complaint*

Since Plaintiff alleges that Mr. Schoendorff's death occurred as a result of his employment with Defendant, Michigan's workers' compensation law provides the exclusive remedy unless his employer committed an intentional tort. *See* MCL § 418.131(1) ("The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort.") "Thus, a plaintiff may recover from his employer where he establishes what is generally regarded as a 'true intentional tort,' that is, one in which the employer 'specifically intended an injury.'" *Graham v. Ford*, 237 Mich. App. 670, 673 (1999) quoting *Cavalier Mfg. Co. v. Employers Ins. of Wausau*, 211 Mich. App. 330, 336 (1995). Whether the facts alleged in a plaintiff's complaint (assuming they are true) are sufficient to constitute an intentional tort is a question of law for the court. *Gray v. Morley*, 460 Mich. 738, 742-43 (1999).

### 1. Claims Made Under the Wrongful Death Act are Derivative

As noted earlier, Plaintiff's proposed amended complaint presents a single count of wrongful death. An action under the wrongful death statute is derivative. In *Maiuri v. Sinacola Constr. Co.*, 382 Mich. 391 (1969), the Michigan Supreme Court held that the parents of a son killed while working for his employer were barred from bringing a wrongful death suit, as the son would have been barred from bringing a civil suit because of the exclusive remedy provision of the WDCA: "Since the cause of action of a proper plaintiff under the wrongful death act is a derivative one in that the personal representative of the deceased stands in his shoes and is required to show that the deceased could have maintained the action if death had not ensued, and since, in this case, the decedent would have been barred from an action for injuries resulting in death because of the exclusive remedy provisions of the [WDCA], the trial court did not err in granting an accelerated judgment for the defendant." *Id.* at 396. Accordingly, the central issue presented in this case is whether Mr. Schoendorfff (deceased) could have brought a civil tort action against Defendant if he had survived.

In *Barnes v. Double Seal Glass Co., Inc., Plant 1*, 129 Mich. App. 66, 72 (1983), the Michigan Court of Appeals permitted an intentional infliction of emotional distress claim brought by the plaintiffs' (parents of a deceased employee of the defendants), on their own behalf, against the defendants for intentional infliction of emotional distress notwithstanding the WDCA's exclusive remedy provision. The Michigan Court of Appeals found that the plaintiff's claim was not derivative to the decedent's claim under the WDCA, but rather their own individual claim brought for their own emotional injuries brought about by their son's death. In

other words, the plaintiffs in *Barnes* brought an intentional infliction of emotional distress claim as an independent cause of action, which the Court of Appeals found was not derivative and was outside the scope of the wrongful death act and the WDCA. The present case is distinguishable from *Barnes*, in as much as Plaintiff's intentional infliction of emotional distress claim in this case is entirely derivative of the wrongful death action of Mr. Schondorff (deceased). Plaintiff's proposed amended complaint does not state any independent claim/count for intentional infliction of emotional distress, but rather only states a single count of wrongful death. The Court must, therefore, examine whether Mr. Schoendorff's own intentional infliction of emotional distress claim is a viable intentional tort claim, outside the scope of the WDCA's exclusive remedy provision.

### 2. *Intentional Infliction of Emotional Distress and the Modified Intent Requirement*

A claim of intentional infliction of emotional distress under Michigan law requires a plaintiff to establish four elements: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594 (1985) (internal quotation marks omitted). Since Plaintiff's claim arises from Mr. Schoendorff's employment with Defendant, "the second element is modified in light of the exclusive remedy provision of Michigan's WDCA." *Martinelli v. CVS/Pharmacy*, No. 04-73738, 2006 WL 1452093 (E.D. Mich., May 24, 2006). That is, to sustain a vicarious liability clam against Defendant for intentional infliction of emotional distress under the WDCA, Plaintiff must prove that a specific supervisory or management-level employee "had the particular purpose of inflicting an injury" upon Mr. Schoendorff. *Travis*, 453 Mich. at 171-72. The Michigan Supreme

Court has determined that this intent must be connected to a specific employee – a patchwork approach, attempting to establish the required intent through the collective state of mind of various employees, will not suffice. *Id*. ("[t]he intent requirement will not be fulfilled by presenting 'disconnected facts possessed by various employees or agents of that corporation. . . .'") (citation omitted). An employer has a specific intent to injure an employee "if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." MCL § 418.131(1); *Travis*, *supra* (clarifying that this definition provides the elements that are necessary to establish an intent to injure an employee – "actual knowledge," "certain to occur," and "willfully disregarded" – where no direct evidence exists and the intent must be proved through circumstantial evidence).

In the present case, Plaintiff does not allege in his proposed amended complaint that Mr. Howley (or for that matter any other named or unnamed supervisory or managerial-level employee) had actual knowledge that an injury was certain to occur to Mr. Schoendorff and willfully disregarded that knowledge. Instead, Plaintiff alleges that Dr. Kwon "shared with *defendant corporation* the status of John Schoendorff's medical condition" *Id*. at ¶ 16 (emphasis added); and that "Dr. Kwon informed *defendant* that the severe depression suffered by Schoendorff was extremely unstable and that subjecting Schoendorff to the continued hostile environment would result in significant injury to the plaintiff including suicide" (Dkt. 12, ¶ 26) (emphasis added).[2] Therefore, assuming the allegations in the proposed amended complaint are

---

[2] Mr. Howley is not a defendant, and it is clear that Plaintiff's references to facts within the knowledge of "Defendant," "defendant corporation," "human resources" "internal EEO" department and "FedEx" do not mean within Howley's knowledge. Plaintiff obviously can specifically identify Howley, because he does so throughout the complaint. Thus, Plaintiff has not alleged a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

true, the proposed amended complaint is insufficient to establish vicarious liability as to FedEx because Plaintiff has failed to allege that a particular employee (or group or employees) had the "requisite intent to impute an intentional tort" to FedEx. *Travis*, 453 Mich. at 171; *see also Vachon v. Gerotech, Inc*., No. 249524, 2004 WL 2827692 *2 (Mich. App. Dec. 9, 2004) (trial court correctly concluded that facts alleged by plaintiff did not constitute an intentional tort where no evidence showed that plaintiff's supervisor specifically intended to bring about psychiatric injury or had actual knowledge that said injury was certain to occur).

Moreover, even if Plaintiff had satisfied that aspect of the intent requirement, he failed to allege that Defendant (or a particular managerial or supervisory employee) was *certain* that an injury or accidental overdose and death was going to occur to Mr. Schoendorff. "When an injury is 'certain' to occur, no doubt exists with regard to whether it will occur [and]. . .just because something has happened before on occasion does not mean that it is certain to occur again." *Travis*, 453 Mich. at 174.

Here again, Plaintiff's proposed amended complaint alleges only that "Dr. Kwon informed defendant that the severe depression suffered by Schoendorff was extremely unstable and that subjecting Schoendorff to the continued hostile environment would result in significant injury to the plaintiff including suicide" (Dkt. 12, ¶ 26). This does not allege certainty of injury. Rather, it indicates Dr. Kwon's opinion that the injury to Mr. Schoendorff was dependent upon Mr. Howley's continued harassment of Mr. Schoendorff. Significantly, in *Travis* the Michigan Supreme Court also held that "conclusory statements by experts are insufficient to allege the certainty of injury contemplated by the Legislature. *Id.* at 174.

### 3. The Essence of the Recovery Sought by Plaintiff is for Death and Should not Circumvent the WDCA's Exclusive Remedy Provision

Finally, Plaintiff's proposed amended complaint fails for another, separate and independent, reason. In *Broaddus v. Ferndale Fastner Div.*, 84 Mich.App. 593 (1978), the Michigan Court of Appeals recognized that – in some instances – an intentional infliction of emotional distress claim can circumvent the WCDA's exclusive remedy provision. In *Broaddus*, the Court favorably cited a treatise on Workmen's Compensation law, wherein a Professor Larson discusses the issue of whether an exclusive remedy provision bars a suit for intentional infliction of emotional distress. He states:

> If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury *or death,* the action should be barred even if it can be cast in the form of a normally non-physical tort. 2A Larson, *Workmen's Compensation Law*, § 68.34, pp. 13.31-13.32

(emphasis added). As noted earlier, Plaintiff's proposed amended complaint only presents a single wrongful death claim, brought on behalf of Mr. Schoendorff. Applying the holding of *Broaddus* to the present case, it becomes readily apparent that the "essence of the action is recovery for...death" and that "the action should be barred even if it can be cast in the form of a normally non-physical tort." Therefore, in the opinion of the undersigned, Defendant's motion to dismiss should be granted and Plaintiff's motion for leave to amend should be denied, as Plaintiff's proposed amended complaint is futile.

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's motion for summary judgment (Dkt. 6) be **GRANTED**, that Plaintiff's motion to amend (Dkt. 12) be **DENIED** and that Plaintiff's suit be **DISMISSED**, with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  s/Mark A. Randon
                                                  MARK A. RANDON
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 25, 2010, electronically and by first class mail.*

> *s/Melody R. Miles*
> *Case Manager to Magistrate Judge Mark A. Randon*
> *(313) 234-5542*